[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104) FACTS
The plaintiff, Lai Hing Metzger, filed a four count. complaint on December 30, 1999. In the first count of her complaint, the plaintiff alleges that on the morning of March 11, 1998, she was driving on Walker Hill Road in Groton when the defendant, Francisco Correia, failed to stop at a stop sign, causing the vehicle he was driving to collide with the vehicle driven by the plaintiff. The plaintiff further alleges that she suffered various injuries as a result of the collision, and that the collision and her injuries were proximately caused by the carelessness and negligence of Correia. In the second count, the plaintiff incorporates the allegations of the first count and further alleges that the vehicle driven by Correia was owned by the defendant Site Tech Corporation ("Site Tech"), and that Correia was an employee of Site Tech and was driving the vehicle within the scope of his employment at the time of the collision.
In the third count, the plaintiff alleges that Correia operated the vehicle with reckless disregard in violation of C.G.S. §§ 14-218a(a) and14-222, and that these statutory violations were a substantial factor in causing the plaintiff's injuries. The fourth count incorporates the allegations of the third count relating to Correia's recklessness, and the allegations of the second count relating to Site Tech's ownership of the vehicle and employment of Correia. In her prayer for relief, the plaintiff seeks money dam ages and, under counts three and four, double or treble CT Page 7740 treble damages under C.G.S. § 14-295.
On March 1, 2000, Site Tech filed a motion to strike the fourth count and the prayer for relief seeking double and treble damages under C.G.S. §14-295. The basis for the motion is that the plaintiff has failed to state a claim under the fourth count because § 14-295 applies only to operators of motor vehicles. Site Tech has filed a memorandum of law in support of its motion, and the plaintiff has filed an objection supported by a memorandum of law.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
Site Tech moves to strike the fourth count of the complaint and the portion of the prayer for relief that seeks to hold it liable for double and treble damages. Pursuant to C.G.S. § 14-295,[1] double or treble damages may be available to plaintiffs who prove that they were injured as a result of the deliberate or reckless violation of certain traffic laws. In support of its motion to strike, Site Tech argues that at common law there was no vicarious employer liability for punitive or exemplary damages, and that C.G.S. § 14-295 has not modified that common law rule. The plaintiff argues, however, that such multiple damages are available under C.G.S. § 14-295, as interpreted by the appellate courts and under C.G.S. § 52-183.[2] The plaintiff also argues that common law punitive and exemplary damages are distinct from statutory damages under C.G.S. § 14-295, and that § 14-295 should therefore be examined without reference to the common law regarding punitive and exemplary damages. CT Page 7741
Connecticut's appellate courts have not yet resolved the issue of whether the owner of a vehicle may be held vicariously liable for multiple damages when the operator of the vehicle has recklessly violated one of the statutes enumerated in C.G.S. § 14-295.
Furthermore, the judges of the Superior Court are split on this issue.
Several courts have determined that C.G.S. § 14-295, when read in conjunction with C.G.S. § 52-183, demonstrates the legislature's intent to impose vicarious liability for double or treble damages on vehicle owners in cases such as this one.[3]
The court is also mindful of our Supreme Court's decision in Gionfriddov. Avis Rent A Car System, Inc., 192 Conn. 280, 472 A.2d 306 (1984). In that case, the court held that automobile lessors may be held vicariously liable for treble damages under C.G.S. § 14-295 and C.G.S. §14-154a. The latter statute provides that "[any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." Gionfriddo v. Avis Rent A CarSystem, Inc., supra 284.
However, this court does not find the case at bar to be analogous to theGionfriddo matter.
C.G.S. § 52-183 creates a rebuttable presumption that the operator of a motor vehicle is the agent and servant of the vehicle's owner. It does not, however, authorize the imposition of double or treble damages against the owner. In this regard, C.G.S. § 52-183 is unlike C.G.S. §14-154a. The latter statute specifies that an automobile lessor is liable ". . . for any damage . . . caused by the operation of such motor vehicle . . . to the same extent as the operator would have been liable if he also had been the owner." C.G.S. § 14-154a, supra.
"In the absence of a statute comparable to § 14-154(a) which specifically imposes the same liability upon any person renting or leasing to another any motor vehicle owned by him . . . the court cannot find legislative intent in either . . . [C.G.S. § 52-183 and C.G.S. §14-295] . . . to impute to the owner employer the same liability as the driver of the vehicle." (Internal citations omitted.) Carta v. Cohn,
Superior Court, Judicial District of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.).
In a similar case, Judge John P. Maiocco granted a motion to strike CT Page 7742 because §§ 14-295 and 52-183 ". . . do not contain language explicitly allowing for an expansion of the common law restraint on the imposition of multiple damages upon defendant owners whose liability is vicarious . . ."Marin v. Plaskawicki, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV94-0313690S (December 8, 1994, Maiocco, J.)1994 Ct. Sup. 12452.
Other Superior Courts have reached similar conclusions. Those cases, which the court also found to be persuasive, included Robinson v. McWeeny, Superior Court, Judicial District of New Haven, Docket No. 379968 (April 23, 1996, Corradino, J.) 16 Conn.L.Rptr. 514; Hamilton v. Zarrelli, Superior Court, Judicial District of Stamford, Docket No. CV95-0145033 (October 27, 1995, D'Andrea, J.) 1995 Ct. Sup. 11858; and Madore v. Busa, Superior Court, Judicial District of Waterbury, Docket No. CV96-0139176S (May 7, 1998, Kulawicz, J.).
This court does not find that C.G.S. §§ 14-295 and 52-183 authorizes the imposition of double or treble damages upon a vicariously liable motor vehicle owner. Had the legislature so intended, it would have utilized the clear language it employed in C.G.S. § 14-154a.
Because Site Tech cannot be held liable under C.G.S. §§ 14-295 and52-183 for double and treble damages as owner of the vehicle driven by the defendant Correia, the motion to strike is granted in part. To the extent that the prayer for relief seeks double or treble damages as to the fourth count, the motion to strike is granted. The motion to strike count four is denied because the defendant Site Tech has not demonstrated that the allegations contained therein fail to state a claim upon which other relief can be granted.
By the Court
Dyer, J.